IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:21-CV-161-FL

| | | |
|---|---|---|
| ROOSEVELT SCARBORO, and ELIZABETH SCARBORO, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | ORDER |
| U.S. DEPARTMENT OF VETERAN AFFAIRS, | ) ) ) ) | |
| Defendant. | ) | |

This matter is before the court on defendant's second motion to dismiss for failure to effect service (DE 17). The motion has been briefed fully, and in this posture the issues raised are ripe for ruling. For the following reasons, plaintiffs' attempts at service are deficient in two respects, which the court allows plaintiffs to correct in lieu of dismissal as requested by defendant.

First, plaintiffs' proposed summonses identify defendant incorrectly. Plaintiffs' claims, fairly construed, arise under the Federal Tort Claims Act. See generally 28 U.S.C. §§ 1346, 2674. Under that act, the United States of America, rather that its agencies, is the proper party defendant. See id. §§ 1346(b), 2679(a). Plaintiff's proposed summonses, however, specify the Deputy Chief Counsel of the Department of Veterans Affairs as the addressee. Instead, plaintiffs must identify defendant as the United States, and address summonses to the individuals capable of receiving service on behalf of the United States. See Fed. R. Civ. P. 4(a), (i)(1). Where Federal Rule of Civil Procedure 4(a)(2) allows the court to permit summons to be amended, the court ALLOWS

plaintiffs a period of 14 days to submit proposed amended summons to the clerk for signature and seal, pursuant to Rule 4(b), in accordance with the foregoing instructions.

Second, plaintiffs' filings seeking to prove service demonstrate that defendant has been served only in part by sending a copy of the incorrectly addressed summons and of the complaint to the United States Attorney for the Eastern District of North Carolina, pursuant to Rule 4(i)(1). However, they do not demonstrate that such documents have been sent to the Attorney General of the United States at Washington D.C., as required under Rule 4(i)(1)(B). Under the instant circumstances, the court allows plaintiffs an extension up to and including December 23, 2021, to serve defendant in accordance with Rule 4(i)(1) by service of a copy of the corrected summons, detailed above, and of the complaint upon "the United States attorney for the district where the action is brought" and "Attorney General of the United States at Washington, D.C." Fed. R. Civ. P. 4(i)(1).

In sum, defendant's motion (DE 17) is DENIED. The court allows plaintiffs an extension of time to serve defendant as directed herein. The court warns plaintiffs that failure to serve defendant as directed within the time period specified may result in dismissal of this action without prejudice.

SO ORDERED, this the 8th day of November, 2021.

_____
LOUISE W. FLANAGAN
United States District Judge