IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:21-CV-161-FL

| ROOSEVELT SCARBORO, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | ORDER |
| UNITED STATES OF AMERICA, | ) | |
| Defendant.[1] | ) | |

Pursuant to Federal Rule of Civil Procedure 26(f), the parties conducted a pretrial conference in this case March 24, 2022, and thereafter, defendant filed a separate report and plan for the management of this action. (DE 34). Also pending is defendant's motion to stay discovery, and the time within which to respond to that motion has expired without plaintiff's response. (DE 35). For the following reasons, the court grants in part defendant's motion, and orders bifurcated discovery in the manner specified herein.

A.  Motion to Stay

Defendant seeks to stay discovery in part, to provide for limited discovery into the following issues:

(1) plaintiff's mental capacity and competence; and

(2) the authority of Elizabeth Scarboro, plaintiff's wife and former plaintiff, as a non-attorney, to prosecute plaintiff's legal claim without legal counsel.

---

[1] The court constructively amends the caption of this order to reflect voluntary dismissal of former plaintiff Elizabeth Scarboro by her omission in plaintiff's amended complaint (DE 25).

Defendant's motion is well-founded in part.  The United States Code allows that "[i]n all courts of the United States the parties may plead and conduct <u>their own</u> cases personally[.]"  28 U.S.C. § 1654 (emphasis added).  Accordingly, federal courts have repeatedly held that "[t]he right to litigate for oneself . . . does not create a coordinate right to litigate for others."  <u>Myers v. Loudoun Cty. Pub. Sch.</u>, 418 F.3d 395, 400 (4th Cir. 2005).  This is true even where a party, considered incompetent under Federal Rule of Civil Procedure 17(b) and related state law,[2] could permissibly have his or her claim "<u>asserted</u>" by a representative pursuant to Rule 17(c).  <u>Myers</u>, 418 F.3d at 400 & n.5 (emphasis added); <u>Berrios v. N.Y.C. Hous. Auth.</u>, 564 F.3d 130, 133-34 (2d Cir. 2009) ("These principles apply equally with respect to non-attorneys' attempts to bring suit on behalf of adults who are not competent to handle their own affairs. . . . The fact that a . . . incompetent person must be represented by a next friend, guardian ad litem, or other fiduciary does not alter the principle . . . that a non-attorney is not allowed to represent another individual in federal court litigation without the assistance of counsel.").

Thus, discovery on the merits of plaintiff's claim is not proper where preliminary representational issues linger.  <u>See, e.g.</u>, <u>Berrios</u>, 564 F.3d at 135.  Plaintiff's competency to bring suit, or the need for a representative to assert his claims for him, is a threshold issue in the instant matter.  However, discovery regarding "Elizabeth Scarboro's legal authority to prosecute <u>pro se</u> this action . . . . <u>without legal counsel</u>," as suggested by defendant, (Def.'s Report & Plan (DE 34) at 2 (emphasis added)), is unnecessary, given the aforementioned legal principles.  Even if Elizabeth Scarboro is plaintiff's guardian within the meaning of North Carolina Rule 17(b)(1), she could not conduct the litigation on plaintiff's behalf, rather than merely assert his claims on his

---

[2]  North Carolina law, <u>see</u> Fed. R. Civ. P. 17(b)(1), provides that "[i]n actions . . . when any of the parties plaintiff are . . . incompetent persons . . . , they must appear by general or testamentary guardian," N.C. R. Civ. P. 17(b)(1), and defines an "[i]ncompetent adult" as "an adult . . . who lacks sufficient capacity to manage the adult's own affairs or to make or communicate important decisions concerning the adult's person, family, or property whether the lack of capacity is due to mental illness, intellectual disability, epilepsy, cerebral palsy, autism, inebriety, senility, disease, injury, or similar cause or condition."  N.C. Gen. Stat. § 35A-1101(7).

behalf. See, e.g., Matchem v. Frank, No. 92-1341, 1993 WL 264691, at *1 n.2 (4th Cir. July 15, 1993) ("We are troubled by the posture of Matchem's wife, Diane, in this action. It is Diane, who is not an attorney, who signed all the relevant papers, including the Complaint. She apparently assumes that her receipt in February 1990 of William's power of attorney entitles her to prosecute this action on her husband's behalf. We are not convinced that she has such authority."); Berrios, 564 F.3d at 135 ("If the representative of the minor or incompetent person is not himself an attorney, he must be represented by an attorney in order to conduct the litigation."). Yet, limited discovery is permissible insofar as it promotes resolution of Elizabeth Scarboro's capacity to even sue on plaintiff's behalf if he is incompetent under North Carolina Rule 17(b)(1), outside of her plain inability to litigate the case on his behalf. See Matchem, 1993 WL 264691, at *1 n.2.

Accordingly, a partial stay of discovery is warranted, to permit defendant to engage in discovery on the preliminary issue of whether plaintiff lacks the capacity to sue on his own behalf and whether Elizabeth Scarboro may assert his claims on his behalf, with an opportunity for dispositive motions on this issue as set forth herein. The court STAYS discovery on the merits of this action, pending an initial bifurcated period of discovery proceeding as follows.

B.     Discovery

    1.     An initial phase of discovery is necessary on the following subjects: (1) plaintiff's mental capacity and competence as relates to his capacity to sue on his own behalf; and (2) Elizabeth Scarboro's authority to assert claims on his behalf.

    2.     Discovery in this initial phase shall be completed by **June 23, 2022**.

    3.     On or before May 24, 2022, defendant shall serve no more than 25 interrogatories, and no more than 25 requests for admissions, including all discrete subparts, to plaintiff. Plaintiff's responses to defendant's discovery requests must be served on defendant no later than **June 23, 2022**.

3

Case 5:21-cv-00161-FL   Document 37   Filed 05/03/22   Page 3 of 7

4. To avoid the filing of unnecessary motions, the court encourages the parties to utilize stipulations regarding discovery procedures. However, this does not apply to extensions of time that interfere with the deadlines to complete the initial phase of discovery, for the briefing or hearing of a motion, or for trial. See Fed. R. Civ. P. 29.

5. Discovery in this case may be governed by a protective order. If the parties disagree concerning the need for, and/or the scope or form of, a protective order, the party or parties seeking such an order shall file an appropriate motion and supporting memorandum. If the parties agree concerning the need for and scope and form of a protective order, the parties shall confer and then submit a jointly proposed protective order as soon as is practicable.

   a. A jointly proposed protective order shall include, in the first paragraph, a concise but sufficiently specific recitation of the particular facts in this case that would provide the court with an adequate basis upon which to make the required finding of good cause for issuance of the protective order pursuant to Federal Rule of Civil Procedure 26(c).

   b. Any proposed protective order shall set out the procedure for filing under seal confidential documents, things, and/or information, pursuant to the requirements of Stone v. University of Maryland Medical System Corp., 855 F.2d 178, 180 181 (4th Cir. 1988). Specifically, a proposed protective order shall include the following language: "Each time a party seeks to file under seal confidential documents, things, and/or information, said party shall accompany the request with a motion to seal and a supporting memorandum of law specifying (a) the exact documents, things, and/or

information, or portions thereof, for which filing under seal is requested; (b) where it is necessary for the court to determine the source of the public's right to access before a request to seal may be evaluated, whether any such request to seal seeks to overcome the common law or the First Amendment presumption to access; (c) the specific qualities of the material at issue which justify sealing such material, taking into account the balance of competing interests in access; (d) the reasons why alternatives to sealing are inadequate; and, (e) whether there is consent to the motion. Finally, in addition to the motion and supporting memorandum, said party must set out such findings in a proposed order to seal for the court."

c. Before ruling on any motion to seal the court will give the public notice of the motion and a reasonable opportunity to challenge it. While individual notice is unwarranted, the court will docket the motion reasonably in advance of deciding the issue, or, where applicable, the court will notify persons present in courtroom proceedings of the motion. The court will rule favorably upon any motion to seal only after carefully weighing the interest advanced by the movant and those interests favoring public access to judicial documents and records, and only upon finding that the interests advanced by the movant override any constitutional or common law right of public access which may attach to the documents, things, and/or information at issue.

d. A proposed protective order also shall include the following language: "When a party seeks to file confidential documents, things, and/or information, including confidential portions of any transcript, a party shall

5

submit such materials to the court in a sealed envelope or other appropriately sealed container, which covering shall be endorsed with the title of this action and a statement substantially in the following form: 'Filed Under Seal Pursuant to Protective Order.'"

C. Motions

1. Any motion shall be accompanied at time of filing with a proposed form of order, stating its requested relief.

2. Within thirty days of defendant's receipt of plaintiff's full and complete responses to the defendant's discovery requests, or by **July 25, 2022**, whichever is earlier, the parties may file dispositive motions based on plaintiff's responses. In the alternative, the parties may file by that date joint or separate, proposed discovery plan(s) for conducting discovery on the merits of plaintiff's claims. In the event a party files a dispositive motion on or by July 25, 2022, all discovery on the merits of plaintiff's claims shall remain STAYED pending disposition of that motion, or until further order of the court.

3. Any motion raising a disputed issue of or relating to discovery, including any disputed motion to compel, for protective order, or to alter discovery requirements set forth herein (hereinafter, "discovery motions"), shall be filed and served within 30 days of the act or omission in discovery complained of, after good faith effort between the parties to resolve issue(s), unless upon good cause shown, time for filing such motion is extended. Discovery motions ordinarily will be referred to a magistrate judge for ruling.

4. Any motion to continue must conform with the requirements set forth in Local Civil Rule 6.1, and also include a detailed statement as to the reason for the requested

continuance or extension of time together with the proposed order. Continuances will be granted only upon showing of good cause, particularly focusing upon the evidence of diligence by the party seeking delay and of prejudice that may result if the continuance is denied.

D.   Alternative Dispute Resolution ("ADR")

1.   A settlement procedure is required in virtually every case, to be conducted before the final pretrial conference.

2.   This case does not properly fall within a category of case automatically selected for mediation, pursuant to Local ADR Rule 101.1a(b).

3.   If at any time a settlement is reached, it shall be reported immediately to this court. The parties shall refer to Local Alternative Dispute Rule 101.1e for their specific obligations.

This case management order shall not be modified except by leave of court upon a showing of good cause, and all requirements set forth in the court's Local Civil Rules governing pretrial and trial procedures not altered herein shall be strictly observed.

SO ORDERED, this the 3rd day of May, 2022.

_____
LOUISE W. FLANAGAN
United States District Judge